UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDY HOLLGARTH, | ) |
| Plaintiff, | ) |
| v. | ) 18-CV-2026 |
| SHERIFF HOWARD BUFFET, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from Macon County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, on August 27, 2017, he bit into a sandwich which, unbeknownst to Plaintiff, contained a woman's press-on fingernail. The fingernail cut the roof of Plaintiff's mouth before Plaintiff could spit out the fingernail. Plaintiff internal efforts for justice have been denied. He seeks $150,000 in damages.

An ongoing problem of foreign objects in prison food can state a federal constitutional claim for deliberate indifference to a substantial risk of serious harm. For example, in Green v. Beth, a detainee alleged that jail officials knew of repeated problems with foreign objects in the food causing injury to detainees, and the plaintiff-detainee's teeth had been broken by biting into a rock imbedded in the food. The Seventh Circuit held those allegations sufficient to state a claim. Green v. Beth, 663 F'Appx. 471 (7th Cir. 2016)(not reported in Fed. Rptr.); *see also* French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985)(inmates are constitutionally entitled to "'nutritionally adequate food that is prepared and served

under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it.'")(*quoting with approval* Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980).

However, an isolated incident of being served contaminated food does not rise to a constitutional violation. *See* Perez v. Sullivan, 100 F'Appx. 564 (7th Cir. 2004)(not reported in Fed. Rptr.)(affirming dismissal for failure to state a claim allegations that detainee became sick from isolated incident of being served spoiled milk); Teen v. St. Clair County Jail, 2017 WL 3670164 (S.D. Ill. 2017)(not reported in Fed. Rptr.)(single episode of food contamination without prior occurrences of contamination stated no constitutional claim). The individuals preparing the food might have been negligent, but negligence does not violate the U.S. Constitution. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)("[N]egligence, even gross negligence, does not violate the Constitution.") Additionally, the individuals who run the Jail, like the Sheriff, are not liable for the constitutional violations of their employees simply because those individuals are in charge. Kuhn v. Goodlow, 678 F.3d 552. 556 (7th Cir. 2012)( "'An individual cannot be held liable in a § 1983 action unless he caused or participated in

an alleged constitutional deprivation.'")(quoted cite omitted); <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

Plaintiff's allegations do not allow a plausible inference of a systemic problem with contaminated food at the Jail. The only plausible inference that arises from the current allegations is that the fingernail in the food was an isolated occurrence of negligence. The criminal dockets from Plaintiff's currently pending charges in Macon County show that he has been in the custody of the Jail since June 2017. <u>People v. Hollgarth</u>, 2017CF452; <u>People v. Hollgarth</u>, 2017CF2015. In the eight months since his detention, he alleges only one incident of contaminated food, which would be about one meal out of well over 600 meals, if Plaintiff is served three meals a day. The current complaint, therefore, states no federal claim, but Plaintiff will be given an opportunity to file an amended complaint.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

2) Plaintiff may file an amended complaint by March 6, 2018. If Plaintiff does not file an amended complaint or Plaintiff's amended complaint still fails to state a claim, then this action will be dismissed for failure to state a claim and a strike will be assessed against Plaintiff pursuant to 28 U.S.C. 1915(g). If Plaintiff files an amended complaint, the amended complaint will replace the original complaint. Piecemeal amendments are not permitted.

ENTERED: February 6, 2018

FOR THE COURT:

__  s/Sue E. Myerscough  __
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
