UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDY HOLLGARTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-2026 |
| | ) | |
| SHERIFF HOWARD BUFFET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND MERIT REVIEW OPINION**

On February 6, 2018, Plaintiff's complaint was dismissed without prejudice to filing an amended complaint. Plaintiff alleged in his original complaint that he bit into a sandwich at the Macon County Jail which, unbeknownst to Plaintiff, contained a woman's press-on fingernail. The fingernail allegedly cut the roof of Plaintiff's mouth before Plaintiff could spit out the fingernail.

In dismissing the complaint, the Court noted that an isolated incident of being served contaminated food does not rise to a constitutional violation. See Perez v. Sullivan, 100 F'Appx. 564 (7th Cir. 2004)(not reported in Fed. Rptr.)(affirming dismissal for

failure to state a claim allegations that detainee became sick from isolated incident of being served spoiled milk); <u>Teen v. St. Clair County Jail</u>, 2017 WL 3670164 (S.D. Ill. 2017)(not reported in Fed. Rptr.)(single episode of food contamination without prior occurrences of contamination stated no constitutional claim).  The Court also noted that the individuals who prepared the food might have been negligent, but that negligence does not violate the U.S. Constitution.  <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010)("[N]egligence, even gross negligence, does not violate the Constitution.")  The Court concluded that Plaintiff's allegations did not allow a plausible inference of a systemic problem with contaminated food at the Jail.  The Court noted that in the eight months since Plaintiff's detention, he had alleged only one incident of contaminated food, which would be about one meal out of well over 600 meals, if Plaintiff is served three meals a day.

    Plaintiff has filed an amended complaint, but the Court will first address Plaintiff's motion for counsel.  Plaintiff has not set forth what efforts he made to find counsel on his own, which is generally a requirement before the merits of the motion may be addressed.  <u>Pruitt v. Mote</u>, 503 F.3d 647, 655 (7th Cir. 2007).  Even

if Plaintiff had made that showing, Plaintiff appears competent at this stage to proceed pro se in light of the simple nature of his claim.  Id.  Plaintiff's allegations clearly communicate the basis for his claim:  a fingernail was in one of his meals.  As explained below, Plaintiff's allegations state no federal claim, but that does not mean he is not competent to proceed pro se.

Plaintiff's amended complaint adds only factual conclusions without any factual details to support those conclusions.  Plaintiff alleges in his amended complaint that "numerous complaints have been made about objects in food" and that other inmates have been hurt by the food.  These allegations are too conclusory, not providing any information on when this happened, what was in the food, or who ate the contaminated food.  "Generalized factual conclusions" must be supported by enough "specific factual allegations" to state a plausible claim for relief.  Engel v. Buchan, 710 F.3d 698, 709 (7th Cir. 2013).  If the problem was systemic, Plaintiff should be able to allege more than one specific incident of contaminated food over the course of over eight months.

Plaintiff also alleges that his request to see a nurse for the cut on the roof of his mouth was denied for four days.  Deliberate

indifference to a serious medical need violates an inmate's or detainee's rights. But no plausible inference arises that Plaintiff's cut on the roof of his mouth, caused by biting down on one fingernail, was a serious medical need. *See, e.g.,* James v. Cartwright, 659 F'Appx. 888 (7th Cir. 2016)(not published in F.Rptr.)(alleged minor cuts and bruises from alleged excessive force were not serious medical needs)(*citing* Pinkston v. Madry, 440 F.3d 879, 891 (7th Cir. 2006) (split lip and swollen cheek not serious medical needs); Davis v. Jones, 936 F.2d 971, 972–73 (7th Cir. 1991)(one-inch cut and scraped elbow not serious medical needs).

Plaintiff additionally alleges that his grievances were denied and that unidentified protocols were not followed in investigating the incident. There is no constitutional right to a grievance procedure, so allegations about an ineffective grievance procedure or the failure to follow a grievance procedure do not state a constitutional claim. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). Similarly, the failure to follow internal protocols does not state a constitutional claim. *See* Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006)("[T]his court has consistently held that '42 U.S.C. § 1983 protects plaintiffs from

constitutional violations, not violations of state laws or . . . departmental regulations and police practices.'")(quoted cite omitted).

In sum, the Court still cannot discern a federal claim from Plaintiff's allegations. No one wants to bite down on a sandwich and discover a fingernail in the roof of one's mouth. Plaintiff clearly thinks the situation should have been taken more seriously. But not every adverse event that occurs in jails or prisons rises to the level of a constitutional violation. What happened to Plaintiff was regrettable, but was simply not serious enough to be actionable under the Constitution. Accordingly, this case will be dismissed, with prejudice, for failure to state a claim.

**IT IS ORDERED:**

1) Plaintiff's motion for appointed counsel is denied. (d/e 4.)

2) Plaintiff's amended complaint is dismissed with prejudice for failure to state a federal claim.

3) The clerk is directed to close this case and enter judgment pursuant to Fed. R. Civ. P. 58.

4) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

5) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

7) The clerk is directed to record Plaintiff's strike in the three-strike log.

ENTERED: February 21, 2018

FOR THE COURT:       **s/Sue E. Myerscough**
                                     SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE